## AARON M. LYON *vs.* HARVEY KING.

An oral agreement "not hereafter to engage in the staging or the livery stable
business in S.," is not within the statute of frauds, (Rev. Sts. c. 74, § 1,) which
prohibits the bringing of an action upon any oral agreement that is not to be per-
formed within one year from the making thereof.

ASSUMPSIT to recover damages for breach of a special
agreement.   The declaration averred that the defendant, in
September 1842, (on a consideration set forth,) promised the
plaintiff "that he, the defendant, would not thereafter engage
in the staging or the livery stable business in Southbridge,"
and that he had not kept his said promise, but had broken
the same.

At the trial in the court of common pleas, before *Merrick*, J.
the plaintiff admitted that the agreement declared on was
not in writing, and offered to introduce evidence to prove such
an oral agreement.   But the judge rejected the evidence, on
the ground that it was an agreement not to be performed
within one year from the making thereof, and that, by Rev.
Sts. c. 74, § 1, no action could be maintained thereon.   The

plaintiff thereupon submitted to a verdict for the defendant, and alleged exceptions to the judge's decision.

*Bacon*, for the plaintiff.

*C. Allen & N. Wood*, for the defendant.

DEWEY, J. The inquiry is, whether this parol agreement is within the provisions of Rev. Sts. c. 74, § 1, prohibiting the enforcing of any oral "agreement that is not to be performed within one year from the making thereof."

The construction of this and similar statutes has often been before this and other courts; and although doubts may be entertained whether the rules of law have been properly applied in every case, yet it is satisfactory to find that there are certain well established general principles or tests, that may be applied to each new case as it shall arise.

On the one hand, every such agreement is not within the statute, if it be capable of being performed within the year or is of such a character that, by the happening of any contingency, it may be performed within the year. On the other hand, where the agreement is not capable of being performed within the year, where there is no contingency by reason of which the contract may be wholly performed, then the statute will have its effect upon the contract.

The cases of *Kent* v. *Kent*, 18 Pick. 569; *Peters* v. *Westborough*, 19 Pick. 364; *Roberts* v. *Rockbottom Company*, 7 Met. 46; *Lapham* v. *Whipple*, 8 Met. 59; present the views of this court upon the construction of the statute, and contain references to the leading decisions elsewhere. Unless we are prepared to modify or reverse those decisions, particularly that of *Peters* v. *Westborough*, we must hold that this contract is not within the statute. In that case, as in the present, the full performance of the agreement depended upon the contingency of the life of a party. The agreement was, that an individual should be supported until she was eighteen years of age. The contract looked to a period of more than a year; the person being, at the time of the making of the contract, twelve years of age; and the probabilities all were, that it would not be performed or discharged within

a year. But the court, inasmuch as, by the death of the person, the contract might be discharged, held that it was an agreement which might, by the happening of a contingency, be fully performed within the year, and so was not within the statute.

In the case at bar, the contract might have been wholly performed within a year. It was a personal engagement to forbear doing certain acts. It stipulated nothing beyond the defendant's life. It imposed no duties upon his legal representatives, as might have been the case under a contract to perform certain positive duties. The mere fact of abstaining from pursuing the staging and livery stable business, and the happening of his death, during the year, would be a full performance of this contract. Any stipulations in the contract, looking beyond the year, depended entirely upon the contingency of the defendant's life ; and this being so, the case falls within the class of cases in which it has been held that the statute does not apply.

*New trial granted.*